IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| **Toan V. Pham,** | § | Case No. 05-91630 |
|    Debtor. | § | |
| _____ | | |
| **United States Trustee** | § | |
|    Plaintiff | § | |
| v. | § | Adversary Pro. 06-3451 |
| **Toan V. Pham,** | § | |
|    Defendant. | § | |

### MEMORANDUM OPINION

Toan V. Pham filed a chapter 7 bankruptcy petition on October 14, 2005. Pham was represented by attorney Lan Q. Ngo.

### Procedural Background and Call to Trial

On June 30, 2006, the United States trustee timely filed an adversary proceeding objecting to Pham's chapter 7 discharge.

This adversary proceeding was called to trial on October 10, 2006. Exhibits 1-63, 67 and 68 were offered and admitted without objection. Exhibits 64 and 65 were offered. The Court declined to admit exhibits 64 and 65. The United States trustee rested on the exhibits without calling any witnesses.

Pham's counsel announced that he could not locate his client. He was excused from the courtroom to look for the client, but returned shortly thereafter without his client. Pham's counsel then requested additional time. That request was denied. Pham had earlier sought a last-minute trial continuance and that request was denied at docket #17.

Pham's counsel offered no additional exhibits. He called no witnesses.

Accordingly, the only evidence before the Court is documentary. Pham's defense is that Pham did not understand the questions set forth in the schedules and in the statement of financial affairs. Therefore, he claims, there could not have been an intent to defraud. There is no evidence to support that position. Pham was represented by competent counsel. The Court declines to assume (without supporting evidence) that counsel failed to meet his responsibility to inform his client as to the meaning and importance of the schedules and the statement of financial affairs.

**Legal Standard**

The United States trustee bears the burden of establishing all elements that prevent the debtor's discharge.  *In re Pratt,* 411 F.3d 561 (5th Cir. 2005).  In this adversary proceeding, the United States trustee seeks to deny the debtor's discharge based on the following statutory provisions:

**Section 727(a)(4)(A).**

Pursuant to § 727(a)(4)(A), the debtor's discharge must be denied if "the debtor knowingly and fraudulently, in or in connection with the case … made a false oath or account."  11 U.S.C. § 727(a)(4)(A).  As set forth below, the debtor's schedules and statement of financial affairs contained numerous omissions.

In 2001, the Fifth Circuit explained how a Bankruptcy Court should review the schedules and statements filed in a bankruptcy case:

> It is undisputed that Appellant made materially false statements in his schedules and statement of financial affairs and amended them only after his deposition confirmed the falsehood. When confronted with Appellee's motion, Appellant remained silent and did not present any facts creating genuine issues of material fact. In light of these circumstances, we agree with the district court that Appellant made the false statements with fraudulent intent. *See Economy Brick Sales, Inc. v. Gonday (In re Gonday)*, 27 B.R. 428, 432 (Bankr.M.D.La.1983) ("[T]he cumulative effect of all the falsehoods together evidences a pattern of reckless and cavalier disregard for the truth [to support] fraudulent intent."); *Oldendorf v. Buckman*, 173 B.R. 99, 105 (E.D.La.1994). As we have noted, "[f]ull disclosure of assets and liabilities in the schedules required to be filed by one seeking relief under Chapter 7 is essential." *Beaubouef*, 966 F.2d at 179.

*In re Sholdra,* 249 F.3d 380, 383 (5th Cir. 2001).

Subsequent amendments to bankruptcy schedules and statements—without more—do not negate an actual violation of the ant-fraud provisions of § 727(a)(4)(A).  *Id.* at 382-83.

When the schedules and statements are replete with omissions and inconsistencies, the schedules and statements themselves evidence a "pattern of disregard for the truth that supports fraudulent intent."  *In re Dupre,* 145 Fed. Appx. 855, 856 (5th Cir. 2005).

Nevertheless, the schedules and statements need not be completed with perfection.  *In re Tomasek,* 175 Fed. Appx. 662 (5th Cir. 2006).  The Court can consider reasonable explanations offered by the debtor with respect to errors in the schedules and statements.  *Id.*

**Section 727(a)(3).**

Pursuant to § 727(a)(3), the debtor's discharge must be denied if "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case." 11 U.S.C. § 727(a)(3).

Pham's records need not contain "full detail" but "there should be written evidence" of Pham's financial condition. *In re Dennis,* 330 F.3d 696, 703 (5th Cir. 2003). The United States trustee must specify what records are missing or why their absence prevents an understanding of Pham's financial condition. *Id.* at 703.

**Section 727(a)(5).**

Pursuant to § 727(a)(5), the debtor's discharge must be denied if "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. § 727(a)(5).

To prevail under § 727(a)(5), the United States trustee must first establish a loss or deficiency of assets. *In re Cacioli,* 2006 WL 2588038 (2nd Cir. Sept. 06, 2006). The debtor may rebut any such showing by offering a reasonable explanation. *Id.* If the explanation convinces the fact finder that the debtor had not hidden assets, no further corroboration is required. *Id.*

### Factual Stipulations and Admissions

On September 29, 2006, Pham and the United States trustee filed a joint pretrial statement. In that pretrial statement, Pham and the trustee admit to the following:

1. On or about October 14, 2005, Pham filed a voluntary petition seeking relief under chapter 7 of the Bankruptcy Code.

2. Lowell T. Cage was appointed to serve as the chapter 7 trustee.

3. The meeting of creditors held pursuant to 11 U.S.C. § 341(a) was concluded and Cage filed a No Distribution Report on or about February 27, 2006.

4. Pham has not received a discharge to date.

5. Pham filed Schedules (doc. no. 7) on or about October 28, 2005, and certified under penalty of perjury that the information disclosed therein was true and correct. Pham filed Schedule A, which disclosed no interest in real property. In Schedule B, Pham disclosed (i) $100 in cash, (ii) wearing apparel valued at $5,000, (iii) furs and jewelry valued at $7,000, and (iv) a 2000 Acura valued at $16,325. Pham did not disclose any interest in financial accounts, household goods and furnishings, computer equipment, audio and video equipment, books and

music recordings, and IRA or other pension and profit sharing plans. Pham claimed an exemption for all assets disclosed, except cash on hand. Pham disclosed unsecured debts of about $402,552, but not any secured or priority claims.

6. To date, Pham has not amended his original Schedules, but intends to do so in the future.

7. Pham filed a Statement of Financial Affairs (doc. no. 7) on or about October 28, 2005, and certified under penalty of perjury that the information disclosed therein was true and correct. Pham did not disclose any (i) payments on antecedent debt, (ii) repossessions, foreclosures, or returns, (iii) gifts or charitable contributions, (iv) losses from fire, theft, other casualty or gambling, (v) transfers, (vi) financial accounts and instruments closed, sold or otherwise transferred, or (vii) businesses. Pham intends to amend his Statement of Financial Affairs.

8. According to his testimony at the Rule 2004 examination, Pham currently works at the Stop 'n Shop, a convenience store owned by Trang, a friend of Pham's. His current monthly income is about $500. Pham also relies on money from family and friends.

9. At the meeting of creditors, Pham testified that the information disclosed in his Schedules and Statement of Financial Affairs was true and correct, except for an Individual Retirement Account ("IRA"). The Rule 2004 examination took place on June 27, 2006.

10. Prior to coming to Houston, Texas, Pham lived in a house located at 7116 Baird, Ft. Worth, Texas ("Ft. Worth Property"). In September 2004, his house burned down. By check dated October 13, 2004, Pham (along with Pham's spouse) received the sum of $110,248.08 in insurance proceeds. After payment of the mortgage on the Ft. Worth Property, Pham and Pham's spouse pocketed about $54,000. On or about April 13, 2005, Pham and Pham's spouse sold the Ft. Worth Property, i.e. the land, for $22,000. Pham failed to disclose the loss from fire and the transfer of the Ft. Worth Property. Pham intends to amend his statement of financial affairs to disclose the loss and the fire.

11. Pham and Pham's spouse purchased a dry-cleaning business known as Inwood Center Cleaners, which operated at 2311 E. Little York, Suite A, Houston, Texas. As consideration for the purchase, Pham and Pham's spouse paid $500,000: (a) $150,000 in cash, $100,000 of which came from Pham and Pham's spouse and $50,000 of which was borrowed from Ly Phat, Pham's nephew; (b) a $150,000 promissory note to Southwestern National Bank; (c) a $150,000 promissory note to Kim Truong Co and Truong Van Dang (collectively, "Kim Truong"); and (d) a $50,000 promissory note to Kenny Minh Nguyen. Subsequently, in or about April 2005, Pham and Pham's spouse transferred their interest in Inwood Center Cleaners to Bill Nguyen. Bill Nguyen assumed the debts owed to Southwestern National Bank, Kim Truong and Kenny Minh Nguyen. Pham failed to disclose the transfer of Inwood Center Cleaners. Pham intends to amend his disclosure to disclose the transfer.

12. In or about 2005, Pham transferred a necklace to Mrs. Hai for $1,500. Pham testified that there no documents relating to the transfer of the necklace. Pham testified that he

used the sales proceeds for personal living expenses.  Pham failed to disclose the transfer of the necklace.  Pham intends to amend his statement of financial affairs to disclose the transfer

13. At the Rule 2004 examination, Pham produced documents reflecting an interest in three (3) IRAs: (a) one with Scottrade, Inc. valued in the amount of $30,892; (b) another with Pioneer Growth Opportunities Fund valued in the amount of $2,838; and (c) another with Robeco WPG Large Cap Growth Fund valued in the amount of $3,211.

14. Pham used his Discover Platinum credit card account to purchase a computer on or about April 23, 2004.  Pham testified at his Rule 2004 examination he did not sell or give away the computer, but he does not have it.

15. Pham failed to disclose his interest in the IRAs and a computer, but intends to file an appropriate amendment.

16. In or about June, July and August of 2004, Pham made large purchases of clothes, handbags, shoes, and cosmetics using his credit card accounts at Dillard's, Neiman Marcus, Nordstrom, and Saks Fifth Avenue.  Pham incurred these debts at a time when his businesses were failing or had failed, and when he had no means to repay the debt.  Pham testified that he gave the items he purchased to Loan, his girlfriend.  Pham could not remember Loan's last name.  Pham failed to disclose the gifts, but intends to amend his statement of financial affairs.

17. Pham failed to disclose his interest in businesses within six (6) years of bankruptcy, including Inwood Center Cleaners, but intends to disclose those business in an amendment to be filed.

18. Pham and his spouse had a bank account at Southwestern National Bank in connection with Inwood Center Cleaners.  The account was closed in or about 2005, but Pham failed to disclose that fact.  Pham intends to file an amendment.

19. In or about July of 2005, Pham incurred gambling losses of $25,000 with credit obtained at various casinos.  He played baccarat.

20. In or about April and May of 2004, Pham and his spouse took a vacation trip to Europe.  They visited Spain, France, Monaco, Switzerland, and Italy over a two-week period.  Pham used his credit card accounts to pay for the vacation to Europe.  Pham does not recall how much he spent for the vacation trip.  While in Switzerland, Pham purchased a Rado watch for $1,842 using a credit card account.

21. Pham produced some credit card statements.  The credit card statements produced reflect that Pham obtained large cash advances from his credit card accounts.  He also made substantial payments, which were returned due to insufficient funds and which restored the credit balance ostensibly for the purpose of procuring more credit.

**Conclusions**

**Section 727(a)(4)(A).**

There is overwhelming evidence that Pham's schedules and statements were materially inaccurate. Among other things, Pham failed to disclose the fire loss at his property in Fort Worth. Following the fire loss, Pham and his spouse received $54,000 in net settlement proceeds. This was not disclosed. Pham and his spouse invested $100,000 in cash in a dry cleaning business. They then transferred the dry cleaning business to Bill Nguyen. This transfer was not disclosed. Pham transferred a $1400 necklace to Mrs. Hai and did not disclose it. Pham failed to disclose his interest in three IRA accounts and in a computer. Pham made large gifts to a girlfriend and did not disclose those. Pham and his spouse had an undisclosed bank account at Southwestern National Bank that had been closed in 2005. Pham had large gambling losses that were not disclosed.

Pham has offered no explanation for these material omissions. With no explanation offered by Pham, the Court concludes that the cumulative effect of all the falsehoods together evidences a pattern of reckless and cavalier disregard for the truth sufficient to support fraudulent intent under § 727(a)(4)(A). Accordingly, Pham's discharge must be denied under § 727(a)(4)(A).

**Sections 727(a)(3) and 727(a)(5)**

The Court need not address the issues raised under § 727(a)(3) and § 727(a)(5). Inasmuch as Pham's discharge is being denied for other reasons, the issues under § 727(a)(3) and § 727(a)(5) are now moot.

Signed at Houston, Texas, on October 10, 2006.

MARVIN ISGUR
United States Bankruptcy Judge